Five cases on our calendar this morning. Two government employee cases, one of which is being submitted on the briefs, will not be argued. Two patent cases from district courts and one case from the Court of Federal Claims. Our first case is Carol May v. the Merit Systems Protection Board, 2010-3085. Mr. Friedman. May it please the Court. This case is not a case dealing with Title 38 employees. This is not a case of dealing with part-time versus full-time employment. This is a retirement case. Purely, your retirement issue to OPM and gotten an order from them as to whether she's entitled to her retirement? No, I have not taken it to OPM. So you haven't exhausted your administrative remedies. According to the jurisdictional enabling regulation of the Merit Systems Protection Board at 1201.3 subpart 6, an employee can appeal determinations affecting the rights or interests of an individual of the United States under civil service retirement system. This is a case brought under the retirement system. Now, if there is an issue of there being a wrong agency, if one would refer to the FALSO case, also to the MSPB decision, Hudson v. Office of Personnel Management, which is a recent decision at 114 MSPR 669. If the court were to refer to the case Crawford-Graham v. Department of Veterans Affairs, which is a 2005 MSPB case, 90 MSPR 389, it is clear. Mr. Greenberg, isn't this an appeal from a decision by the district court that it lacked jurisdiction because this was not a mixed case and isn't that correct? That is precisely correct and the error of the court was the court said that because the MSPB made a determination that there was lack of subject matter jurisdiction, the district court would not look beyond that and just preemptorily decided to transfer the case even though the MSPB did not. But it's not a mixed case, so there was no jurisdiction in the district court. If you were to assume that is the case, this is a mixed case. There was an allegation of discrimination on the part of the appellant in this case. Yeah, but the decision was a jurisdictional decision and even in a mixed case, a jurisdictional decision comes here and not to the district court, right? That is the issue that I would ask the court. But isn't that correct? Only if it is not a mixed case. Even in a mixed case, we've held that a jurisdictional the Congress specifically directed that mixed cases go to the district court and not to the federal circuit. And if there is an issue as to whether the court has jurisdiction, there has to be an underlying analysis made. That was never done in this case. In this case, the administrative judge of the It was an adverse action appeal. That was flat out wrong. There's no basis for it. They couldn't hear a retirement appeal until you'd gone to OPM to determine whether she was... Let me ask you this, Mr. Friedman. Mr. Friedman, put your notes down for a moment. Let me ask you a simple question. What is it that you want? What is it that your client, what is the outcome your client is seeking? I'm thoroughly confused on that question. Help me with it. The outcome is that she applied for retirement as of June 10th. She wants her retirement effective June 10th. The reason... They offered, the government offered you that. Did you accept it or reject it? Your Honor, that's self-serving. This is a rigorous case. It's a fact. No, it is not a fact. I'm going to ask the government that to confirm it because in their brief they say they offered you that date of retirement. That's a fact in genuine dispute and it is disputed. There was never a hearing. Let's assume you got that date. Would you be happy? She has a discrimination... Let's assume we got you the retirement date of June 10th, is it? Yes. Let's assume we got that for you. Would that end the case? Would you go away happy? Could we do that for you? She has a discrimination component. This is a mixed case. There was an underlying motivation. The fact that the agency now wants to make her whole does not erase the fact that she suffered legally cognizable injuries as a result of the agency's misconduct in this case. Are you seeking damages? What are you... I don't understand what you want. Just tell me what you want and if we can get it for you under the law, I know my colleagues would like to help, but I don't know what you want. Okay. A retirement as of June 10th. I offered that we can get it for you. Go ahead. Okay. And a determination that the agency engaged in prohibited personnel practices under 5 CFR 2020-2302. Well, we can't do that. We can't do that on appeal. We have to go to an appropriate trial but the Merit Systems Protection Board has the authority to do that. Agencies cannot just engage in misconduct and then at the end of the day say, okay, we're willing to make you whole, but you can forget all of the consequences that had occurred up to this point in time. The fundamental issue in this case is, did the district court properly transfer the case to the federal circuit where there has not been a factual record? The only thing we have is representations by the agency that have not been deemed to be true or not true. The district court has the power to make a determination whether in fact it were vested with jurisdiction in this case. Doesn't she lack appeal rights anyway under the nature of the appointment she had? Absolutely not. This is a retirement appeal. This is not an adverse action appeal. She had been separated from the agency. All of the events that she has alleged, post-date, her employment, every argument that the defendant has made in this case or the agency has made in this case relates to Title 38 employees. It's irrelevant. It's logically not relevant to this case. The fact that she's a part-time employee, logically not relevant. To come back to Judge Plager's question, what does she want? A June 10th retirement date as a retirement case? Yes. Or does she want a June 10th retirement or she just doesn't want to retire at all? No. No. This is strictly a retirement issue. So it's just about the June 10th date? June 10th date and also to proceed with the hearing at the Merit Systems Protection Board on the prohibited personnel practices aspect of the case. What prohibited personnel practices? The fact that there was intentional misrepresentation and there was backdating of documents which were sent to OPM. These are serious matters that impacted on my clients. What kind of relief would that give her? The relief of having redress that someone intentionally committed a harm against her, which is something that she can seek redress. But she voluntarily required. She's not complaining about an adverse action issue. This is not an issue. She was separated. Everything that she has alleged occurred after her separation. She was not an employee at the time that she brought this case. This is a retirement case and the MSPB had jurisdiction. Why is she complaining about proper treatment by the agency, mistreatment by the agency? Because the agency intentionally engaged in unlawful, deceitful acts in order to prejudice her rights. It sounds like an adverse action claim, doesn't it? No, because she was not an employee. The prejudicing of her rights were her retirement rights. And if one were to look at the decision of the MSPB, it's totally devoid of any analysis whatsoever on the issue. The MSPB administrative judge simply stated involuntary retirements equate to constructive removals. This is not a constructive removal. This is not an adverse action. This has nothing to do with anything that occurred when she was an employee. This is a retirement issue. That's all it is. And the MSPB absolutely had jurisdiction over this matter. I would ask that the court remand the matter to the MSPB so that the MSPB could address the purely retirement issue in this case and the collateral issues of prohibited personnel practice and the age discrimination component of the case. Thank you. I want to save the remainder of your time. Yes, thank you very much. From the government in two parts. Okay, please, the court. Mr. Gager? Mr. Gager, let's get to the heart of the matter. You offered, if I understand it, the government offered to give her the June 10th, 2008 retirement date. Retirement, resignation, whatever that date is for. Is that correct? Well, I'm representing the MSPB and the intervener might be able to speak to that more. I know the MSPB had no findings on that, but the decision itself reflects that. The decision itself says that she was offered the later date. Well, I'm trying to find out. I don't know which, since there's two of you here, I don't know who's representing the government. But the question I want to have for the record, is the government prepared to give her what she asked for originally, which was apparently, according to the record as I read it, she asked for the June 10th, 2008 date to retire. But OPM, for whatever strange reason, said, oh no, you should have an earlier date. And I'm not surprised that she didn't understand the significance of it, because even OPM didn't understand it. But now she says, he said, Mr. Friedman says his client wants June 10th, 2008. Can she have it? I would say that he... That's a yes or no question and I don't care which of you gives the answer. I want to know. Can she have it? I don't know that offer still on the table from the VA at this point. I don't know. It was offered according to the record and it was not accepted. And I don't, at this point, I'm not sure what, why she would want to do that. She would, that would create an overpayment, which would be appealable to OPM, but that would create an overpayment. She basically would have to give back an annuity payment that she's received. So I'm not sure what the benefit there is, but I would say definitely raise that with the VA, raise it with OPM. The MSPB has no authority to address this matter in any respect. Congress could not have been more clear that the board has no jurisdiction here. You're in the position of representing the tribunal below. Yes. As always, rather than one of the parties. Tell us what we should do in the posture of this case. The court should affirm the decision of the board. Why? Of the board. We don't have a decision of the board. What we have in front of us is a decision of the district court. Right. No, no, no, we do have a decision of the board before us because the, the appeal from the board was transferred to us. That's right. That's right. The district court. If we have jurisdiction, we either affirm, reverse. That's exactly right because the district court held that it did not have jurisdiction to review the board's decision and that this court does have jurisdiction and that's correct under Valentine, this court's decision in Valentine and other circuits agree with Valentine. So that's absolutely correct. Right. I stand corrected. Now let me pursue that one step further with you. Let's assume hypothetically that we think the board or that turns on whether she was a appointment that is entitled to board appeals, right? Yes. Let's assume we conclude that the authority, the board, it wouldn't go back to the board. It would go back to the district court because now it's a mixed case. Is that correct? Well, I, I, I believe this court has authority to send it back to the board to remand it to the board. But wait a minute, look at the jurisdictional twist. It comes to us from the district court. Right. On the grounds that it's not a mixed case which would have been in the district court's sole jurisdiction. It's not a mixed case because the board said it did not have jurisdiction over her adverse action appeal. If we reverse the board on that, then it becomes a mixed case. The board can't hear a mixed case. Only the district court can hear a mixed case. No, no, the board can't hear a mixed case. In fact, appeals go to the district court, correct? It would have to go back to the board because the board has made no findings on this discrimination claim. So, it has to go back to the board. It would have to go back. It wouldn't go to the district court. It would go back to the board. And, and under, instead of coming here under 5 U.S.C. 7703, under 7702, it goes to the district court. The district court reviews the board's merits of the age discrimination claim. Now, there's no decision like that here. There's no decision on the merits. And that's what Ballantyne says. If there's no decision on the merits of a mixed case, then it doesn't go to the district court. It comes properly to this court. And this court, I agree, can decide the jurisdictional issue. It's, and it's purely statutory. The board dismissed it purely in a statutory, and this case has always been presented as a involuntary retirement claim, which is akin to an adverse action, a removal action under Chapter 75 of Title V. Now that it's being depicted as a retirement case, you know, either way, the board has no jurisdiction. A retirement case, the board, this court said in Edgerton, the board has no primary jurisdiction over retirement, federal retirement appeals. It has to go to the Office of Personal Management first. And, and only when there's a final decision from OPM can the board have jurisdiction to, it's appellate jurisdiction to review that decision. The OPM has never been asked to act on that. There's been no claim to OPM as, as counsel for petitioner admits. So, I would say if there's a retirement claim here, first go to OPM, then it can come to the board, then it could come back up here. But the decision that what we have before us is not a retirement case. It's a... Would she have appeal rights, given her, the nature of her appointment, would she have appeal rights to the board on the retirement issue? On the retirement issue, yes. Assuming there's a retirement claim there. But the involuntary retirement is akin to an adverse action, which is why it's been analyzed under Chapter 75. There's, there's three separate provisions that say that the board is deprived of jurisdiction to hear an adverse action coming from a Title 38 employee. There's, there's the statute she's appointed under, 38 U.S.C. 7405, which says that part-time employees under Title 38 are appointed without regard to civil service laws, rules, and regulations. Okay, you just lost me again. I thought we had just, I had heard you say that she, if she goes on the question of her retirement to OPM and gets a decision, she can take it to the board. She can, yeah. But then you turned around and said, oh, but that's the same thing as an adverse action. But under her appointment, she doesn't have adverse action jurisdiction in the board. Is that correct? Well, it depends what her claim is. If her claim is about this date, the date is wrong, that sounds like a pure retirement claim. That sounds like it should go to OPM or she should go back to the agency and see if that offer is still on the table. Fine. If it's, if her, if her claim is that she was forced to retire and this is akin to a removal, I was removed from my position, that is an adverse action claim. That's a Chapter 75 claim that the board can't hear because she's been appointed under Title 38. So, and I see that I'm out of time, but if there's any other questions. We'll hear from Ms. Vandermeer. May it please the court. With respect to the June 10 date. What will please the court is clarity. Clarity. Complicated fact situation. Well, let me address the questions that were raised. With respect to the June 10th date, I agree there is there, we don't know whether that offer is still on the table. That offer was made and we described that offer at page 7 of our brief with 164, 187 and 63. Who made the offer? The employee relations personnel at the Veterans Health Administration with whom Ms. May was, and her counsel were communicating at the time. Who are you representing? I'm representing the Veterans Affairs Department, Veterans Health Administration. Of which that was part. Correct. So, but you can't tell us whether your offer is on the table. I mean, you're representing, you're representing the government. That's part of the government. Can you tell us? We don't know whether you have that offer on the table. Is that what you're telling me? Well, your honor, it's never been raised before and I would have to say no, the offer is not on the table. The offer was made in June of 2008. We're in March of 2011. If her claim is a retirement claim, which she now contends, then it should go to OPM before it could ever go to the board or ever come to this court. She had always characterized, her counsel below, had always characterized the claim as one for involuntary retirement, which is primarily the way we briefed it. Although we did address that if it were a retirement claim as an employee, she could go to OPM. And in fact, the agency at Joint Appendix 164 told her in the June, 23rd, 2008 letter, if you have any questions, go to OPM. You know, if she had questions about her health insurance or retirement, go to OPM. That's the agency that handled it. And without going to OPM, the board wouldn't have jurisdiction. So with respect to what the court should do, we respectfully request that the court affirm the board's decision that it lacked jurisdiction, not issue any remand. To the extent she has an age discrimination claim, she took that to the EEO, which I believe is a prerequisite before she could even go to district court. And on our recent Rule 28 letter, we advised the court that the EEO recently dismissed the age discrimination complaint, but told her that if this court agrees that the board lacked jurisdiction, she can reinstate it. So to the extent she has an age discrimination claim, she can go to the EEOC. To the extent she has a retirement claim, she has appeal rights to OPM. But as a Title 38 nurse, she has no appeal rights to the MSPB. Do you disagree then with Mr. Date? He indicated she has appeal rights, even if she's a Title 38 appointee, on a retirement issue. To OPM. OPM and then from OPM to the board. That's wrong? No, that's correct. She does have appeal rights to the board. She does have appeal rights to OPM. And to the board. But before she can go to the board under... I understand she has to go to OPM, which she hasn't done. If she gets an adverse decision of, well I have no idea what that means, and goes to the board from OPM, even though she's a Title 38 appointee, she has appeal rights to the board if it's a retirement issue. Correct. Right, but with an involuntary... the way she's briefed it with this involuntary issue, because really at the time what she wanted was to challenge her removal. And she was not able to go to the Disciplinary Appeals Board. We included in the addendum to our brief the statutory provisions that govern that. Only a full-time nurse could go to the Disciplinary Appeals Board to challenge her removal. That at the time, and up until perhaps petitioner's reply brief, it seemed that that was her claim. She wanted to challenge the removal because she was also complaining that because she was removed, she owed the debt to the VA. And again, we've included in the addendum to our brief the statutory provisions governing the Educational Assistance Program under which it appears the VA paid for her to get an RN degree, but then there's a service commitment. So what she had wanted all along at the time the dispute arose in May-June of 08, and then when she, through counsel, took action in June-July of that summer, she was really complaining about the removal. But as we said in our brief, she, as a Title 38 employee under Section 7405, which governs part-time nurses, and nurses are appointed under 7401, under this unique Title 38 VA scheme, she's not, she doesn't have appeal rights to the board. In our brief, we explained the policy was, is that the VA's mission is to take care of its veteran patients, and it needs, Congress decided that it needs the ability to hire and discipline in a prompt manner people who, in this case, were charged with mistreating a patient. So Title 38 nurses are in a unique category as doctors. They have no appeal rights to the board. Some VHA employees who are not involved at the highest level of direct patient care, such as another case we recently pointed out, orthotists, social workers, things like that. But a nurse, a doctor appointed under Title 38 7405 part-time or 7401 full-time does not have appeal rights to the board over an adverse action, which is the way she characterized it from the very beginning. Ms. Bannerman, let me make one comment to you. I appreciated the fact that, relatively unusually, but you had attached all that wonderful statutory background to your brief. That was very helpful, even though we have Westlaw. It's nice of you to have given us this collection of statutes. Thank you. Well, you're welcome. I find that when I need to be able to reference something quickly, it would help the court, would help counsel. So, I mean, that's what she was complaining about at the time. She was removed. She wanted to appeal that and get out from under this debt. As it turns out, by retiring when she did, the VA rescinded the removal. That's in the record in our brief as well. So we do respectfully request that this court affirm the board's decision on your behalf. The only thing in the record, Your Honor, is the VA's notice that she owed the debt and her attorney's letter. The resignation didn't eliminate her obligation. That's correct. Because under the statutory provisions, no matter what the reason, if she did not complete her service commitment, she would owe the money back. There's nothing in the record as to whether, you know, where the administrative processes are in terms of her counsel's request for a waiver of debt. It's not at all clear whether the difference between the June, the May 30th termination date and the June 10th retirement date would have any impact on that obligation to reimburse for the education program. Right, it would not. As we've argued in our brief, it's, she was removed and while there is nothing in the record specifically about the exact service commitment requirement, that 10 days, she owes the debt, does not appear to be relevant. That's correct. So that with respect to my client, the VA and the VHA, the date is irrelevant. They offered her the June 10th date. She was represented by counsel. They took the May date, this June 23rd letter from the VA to counsel, you know, pretty contemporaneous in time, said you didn't ask us to delay the paperwork or do anything. Contact OPM if you have questions and the VA never heard anything again until, with respect to that. So she was given every opportunity by the VA to take the June 10th date at that time if she had wanted and she didn't, but basically now, you know, the board lacks jurisdiction and we request that the court affirm. Thank you, Ms. Veneman. Mr. Friedman has some rebuttal time. Everything that Ms. Veneman said are representations that are denied and the board at the federal circuit does not sit as a fact finder weighing evidence. There has been no record made. The only thing that we have in this case is the representations that Ms. Veneman, which is a that are made on paper by other people, hearsay testimony, hearsay evidence. The court is not in a position to consider that or weigh it, but more importantly, Ms. May made her retirement application dated June 10th. It was signed June 10th. It was submitted on or after June 10th. It was processed as a May 30th retirement. There's nothing in writing from Ms. May stating that she wanted to retire on May 30th. This is a retirement issue. It has nothing to do with her employment at the VA. If Ms. May had not had any issues at all relating to her employment, but was retirement eligible and had chosen to retire at some point after she left government service, she could do that. And if she has had a retirement date of a particular time and it was processed at a different time, against her wishes, that's a retirement appeal. That's what this case is. This is only a retirement appeal. It has nothing to do with Ms. May's prior problems with the VA or her termination or her appeal rights or her Title 38 status or her part-time or full-time This is a retirement case. Now, as far as the issue dealing with OPM, the law is that under 5 U.S.C. 7702F, the board can treat an appeal as timely if it is filed with the wrong agency. When an employee files a request for a review in a timely manner, but with the wrong agency, the proper agency must treat the appeal as having been timely filed as of the date it filed with the proper agency. And I cited the MSPB case, which actually cites a Miller v. Department of the Army 987F second 1552, which is a 1993 case. The cases are legion that Ms. May, if she failed to join OPM as a party to this action, is not prejudiced at all, but that the MSPB was wrong in determining that this was not within the board's jurisdiction. It's a retirement matter. If you look at the MSPB's decision, it's devoid of any analysis. The only thing that was said was something that Mr. Gauger echoed, which was involuntary retirement means adverse action. That's not the case. That's not the case. This is a retirement issue. It has nothing to do with an adverse action. She was no longer an employee at the time the agency committed these wrongful acts. It was not an adverse action. An agency can't commit an adverse action under the law, under Chapter 35 of Title 5, I mean, Chapter 75 of Title 5, of someone who was not on the agency rolls. This is just a retirement case. And I would ask that the court conclude that the district court, which summarily transferred the case to the federal circuit, erred because the district court failed to do a fundamental assessment of the underlying facts to make a determination as to whether the MSPB was correct in its decision to dismiss the case for lack of subject matter jurisdiction. Thank you for your time. Thank you, Mr. Friedman. The case will be taken under advisement.